IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| JOSE PEREZ AND DORA PEREZ,<br>Plaintiffs<br><br>Vs.<br><br>INDEPENDENT STAVE COMPANY,<br>L.L.C. AND JAMES R. TRUITT<br>Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. 2:17-cv-00036<br>§<br>§   **JURY DEMANDED**<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, JOSE PEREZ and DORA PEREZ (Plaintiffs herein) and make and file this Plaintiffs' Original Complaint complaining of Independent Stave Company, L.L.C. ("Independent") and James R. Truitt ("Truitt") and for such consideration will show the Court the following, to wit:

### I.   JURISDICTION AND VENUE

1.1   The court has jurisdiction over this cause of action under 28 U.S.C. § 1332(a)(2) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs. Plaintiffs herein are citizens of the State of Texas. Defendants herein are citizens of the State of Missouri. Defendant, Independent Stave Company, L.L.C. does not have its principal place of business in Texas.

1.2 Venue is proper in the United States District Court of the Western District of Texas pursuant to 28 U.S.C. § 1391 (c)(1).

## II. PARTIES

2.1 Plaintiffs', Jose Perez and Dora Perez, bring this suit in their individual capacity. At all times relevant to this lawsuit Jose Perez and Dora Perez were individuals residing in Del Rio, Val Verde County, Texas.

2.2 Defendant Independent Stave Co., L.L.C. is a for-profit Limited Liability Company registered under the laws of Missouri and may be served through its registered agent, S & B CORPORATE SERVICES, INC., by personal service at: 600 Plaza West, 4600 Madison Ave., Kansas City, MO 64112-3012.

2.3 Defendant James R. Truitt may be served by personal service at: 25888 Mountain Creek Lane, Lebanon, MO 65536.

## III. FACTS

3.1 On November 6, 2015, Jose Perez was the driver of a 2008 Red Ford F15, VIN: 1FTPW14VX8FA94969, License Plate No. EP4520 TX. Dora Perez was a passenger. While driving on INTERSTATE 44 Jose Perez slowed down to exit the Interstate when suddenly and unexpectedly James R. Truitt, who was driving a 2014 White INTL TT, VIN: 3HSDJAPR8EN775421, License Plate No. 81AS6A, struck the rear of Jose Perez' vehicle.

3.2 As a result of the accident, Jose Perez and Dora Perez were severely injured in the accident.

## IV. *RESPONDEAT SUPERIOR*

4.1   At the time of the collision described herein, Defendant TRUITT was the agent, driver, servant and/or employee of Defendant INDEPENDENT, and was acting within the course and scope of his employment as agent, driver, servant and/or employee of Defendant, INDEPENDENT. Defendant TRUITT was operating the vehicle with the knowledge, consent, and actual permission and/or implied permission of Defendant, INDEPENDENT. Therefore, the Defendants INDEPENDENT and TRUITT are jointly and severally liable for all of Plaintiffs' damages under the Doctrine of *Respondeat Superior*, since the negligence of Defendant, INDEPENDENT'S employees, agents, and/or representatives was a proximate cause of the injuries and damages described herein.

## V. AGENT

5.1   In addition to and without waiving the foregoing, Plaintiffs would show that at the time of the incident mentioned herein, Defendant TRUITT was the agent of Defendant INDEPENDENT and was acting within the course and scope of his implied and/or express authority as such agent. Therefore, Defendant TRUITT and Defendant INDEPENDENT are jointly and severally liable for Plaintiffs' damages under the Doctrine of *Respondeat Superior.*

## VI.   NEGLIGENCE

6.1   Plaintiffs would show that on the occasion in question, Defendant TRUITT

was negligent in numerous and various acts and omissions, including but not limited to the following, said negligence being a proximate cause of the collision in question:

   a. In failing to keep a proper lookout for Plaintiffs;

   b. In operating the tractor-trailer rig at an unsafe and excessive speed;

   c. In failing to control his speed;

   d. In operating the tractor-trailer rig in a manner which posed a danger to the traveling public;

   e. In failing to maintain and/or control the speed of the tractor-trailer rig Defendant was driving as a reasonable and prudent driver would have done under the same or similar circumstances;

   f. In failing to properly operate the tractor-trailer rig in order to avoid the collision in question;

   g. In failing to take evasive action in order to avoid the collision;

   h. In failing to maintain proper control of his tractor-trailer rig;

   i. In operating the tractor-trailer rig in an exhausted and un-alert physical and mental state of being, knowing that it was unsafe to do so.

   j. In operating the tractor-trailer rig against the rules and regulations of the Missouri Department of Public Safety;

   k. In failing to timely apply the brakes to the tractor-trailer rig;

   l. In driving the tractor-trailer rig in willful and wanton disregard for the safety of persons or property;

   m. In failing to prudently maintain an assured clear distance between his trailer-trailer rig and driver PEREZ so that, considering the speed of the vehicles,

traffic and the conditions of the highway, he could have safely stopped without colliding with driver PEREZ.

6.2   Each and all of the above and foregoing acts, both of omission and commission were negligent and constituted negligence, and were each and all a proximate cause of the serious personal and permanent injuries suffered by Plaintiffs and made the basis of this suit for damages.

## VII. NEGLIGENT ENTRUSTMENT AND HIRING

7.1   In addition to and without waiving the foregoing, Plaintiffs would show that at the time of the incident in question, Defendant INDEPENDENT, maintained control, along with TRUITT, over the vehicle Defendant TRUITT was operating. On and before November 6, 2015, Defendant, INDEPENDENT, was negligent in hiring, employing, entrusting, and supervising Defendant TRUITT, and in providing a dangerous instrument, e.g. the vehicle, to TRUITT for the purpose of operating same on the public streets and highways of Missouri in furtherance of Defendant, INDEPENDENT'S business and profits. Thereafter, Defendant TRUITT operated the vehicle with the full knowledge, consent, and permission of Defendant, INDEPENDENT. At all times herein, TRUITT was incompetent and unfit to safely operate a vehicle on and of the public streets and highways of any state or country in that TRUITT was a reckless, incompetent, and unfit driver and INDEPENDENT knew, or should have known, that TRUITT was an incompetent, reckless, and unfit driver and that he would create an

unreasonable risk and danger to persons and property on the public streets and highways of Missouri.

7.2 In addition, INDEPENDENT, was negligent in various acts and omissions, including but not limited to the following:

1. In the hiring of Defendant TRUITT;

2. In failing to properly investigate Defendant TRUITT's driving ability, prior employment history, and driving history;

3. In failing to properly train Defendant TRUITT to drive INDEPENDENT, vehicles in a safe and prudent manner;

4. In failing to properly supervise Defendant TRUITT to ensure that he would operate Defendant INDEPENDENT., vehicles in a safe and prudent manner;

5. In failing to make a prudent inquiry into the driving competency of Defendant TRUITT;

6. In entrusting the vehicle driven by Defendant TRUITT on the occasion in question in that TRUITT was an unskilled, incompetent, and reckless driver, of which INDEPENDENT, knew or through the exercise of ordinary care, should have known;

7. In allowing the INDEPENDENT, vehicle to have been operated on the occasion in question by an individual, i.e., TRUITT, who was not properly qualified to operate such vehicle.

7.3 Each and all of the above foregoing acts, were negligent and constituted negligence, and were each a contributing proximate cause of the collision and damages made the basis of this suit.

## VIII. PERSONAL INJURY DAMAGES

8.1 Plaintiffs will further show that they are entitled to all legally compensable damages as permitted by the Texas law. As a producing, direct and proximate result of the incident, injuries and damages for which Defendant is liable, Plaintiffs seek and are entitled to general, special, economic, and noneconomic damages, as applicable to Plaintiffs, in an amount in excess of the court's minimum jurisdictional limits and as the jury determines to be just and fair. Such damages include, but are not necessarily limited to:

1. Physical pain and mental anguish in the past and future;

2. Loss of earning capacity in the past and the future;

3. Loss of wages and earnings in the past and the future;

4. Disfigurement in the past and the future;

5. Physical impairment in the past and the future;

6. Medical care in the past and the future; and

7. All other damages allowed by law and equity.

8.2 The damages sought are in excess of the minimum jurisdictional limits of this Court.

## IX.  INITIAL DISCLOSURES

9.1      Pursuant to Rule 26(a)(1) Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 26 (a)(1).

## X.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1     Plaintiffs further allege that Plaintiffs are entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by Section 304.001 *et. seq.* of the Texas Finance Code, VTCS.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that all the Defendants be cited to appear and answer herein, that upon a final trial of this cause, Plaintiffs recover judgment against Defendants, joint and severally, for all Plaintiffs damages as set forth herein; that Plaintiffs recover pre-judgment and post-judgment interest at the legal rate, costs of court and for such other and further relief to which Plaintiffs may be entitled under equity and in law.

Respectfully Submitted,

NEVÁREZ LAW GROUP, P.C.
780 E. Rio Grande Street
Eagle Pass, Texas 78852
Telephone: (830) 776-7003
Telecopier: (830) 776-7004
E-Mail: anc@nevarezlawgroup.com

By: */s/ ALFONSO NEVÁREZ C.*
ALFONSO NEVÁREZ C.
State Bar No. 24005376

**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

NOW COME the Plaintiffs in the above-styled and numbered cause and with all respect request a trial by a fair and impartial Court and Jury as is guaranteed by the United States of America and the State of Texas Constitutions.

*/s/ ALFONSO NEVÁREZ C.*
ALFONSO NEVÁREZ C.